266 P.2d 670

**BRUCE et al. v. FINUF.**

**No. 5721.**

Supreme Court of New Mexico.

Feb. 2, 1954.

Rodey, Dickason, Sloan, Mims & Akin, Charles B. Larrabee, Albuquerque, for appellant.

Keleher & McLeod, J. C. Ryan, Albuquerque, for appellees.

McGHEE, Chief Justice.

The plaintiffs, appellees here, were awarded judgment against the defendant, appellant here, for damages resulting from the failure of the latter to turn back to the former a laundry and cleaning establishment in Albuquerque in accordance with a written demand after default in installment payments.

The plaintiff had sold the business and fixtures to the defendant for $14,000 on October 29, 1951, upon the following terms:

"$500.00, in cash, upon the execution of this instrument, and the further sum, of $2,500, in cash, upon delivery of possession of the business on November 1, 1951, the balance of the purchase price, in the amount of $11,000.00, to be paid as follows:

"$350.00 on December 1, 1951
"$350.00 on January 1, 1952
"$350.00 on February 1, 1952

"$350.00 on March 1, 1952

"$350.00 on April 1, 1952

$4,350.00 on May 1, 1952

"The balance of the purchase price, in the amount of $4,900.00 shall be paid by the Buyer assuming and agreeing to pay the balance of the indebtedness of Sellers to Hazel Sylvester, said indebtedness to Hazel Sylvester being evidenced by promissory note dated December 20, 1950, in the original amount of $6,000, bearing interest at 6% per annum and payable in monthly installments of $100.00, or more, per month, commencing February 10, 1951, said note being secured by a chattel mortgage on the business."

The defendant had paid a total of $4,410.79 of the purchase price but was in default on May 15, 1952, when the plaintiff, Leslie P. Bruce, wrote him a letter calling his attention to the default, the general terms of the contract, and quoting the following provision thereof:

"If Buyer shall be in default for a period of thirty days on any payment due under this contract, Sellers may at their election and without notice to Buyer, either (1) terminate this contract and retain all monies theretofore paid as liquidated damages, in which event Buyer agrees to surrender possession of the premises and business to Sellers, or (2) declare the entire balance due and payable."

According to the testimony of the plaintiff, Leslie P. Bruce, and of the defendant, the latter offered to turn the property back to the plaintiffs on June 1, 1952, in accordance with the election and demand in the May 15 letter, but Bruce refused to receive it unless the defendant would also turn over to him without charge a truck which Finuf had acquired after purchasing the premises and business, and this the latter rightfully refused to do and remained in possession of the property sold. The offer of Finuf was repeated on several occasions, and so far as the record shows Bruce did not withdraw his demand for the truck in addition to exercising his option to retain all payments made as liquidated damages until after suit was filed below. He then accepted the property but went forward with his suit.

The defendant requested a finding of fact that he tendered the business and purchased property back to Bruce on June 1, 1952, and at later dates, but that Bruce refused to receive it unless he was also given the truck. Bruce explained his demand for the truck by saying that would have brought the payments up to date.

The trial court evidently believed the finding to be immaterial as there can be no other reason for refusing to so find, in view of the uncontradicted testimony of Leslie P. Bruce and Finuf on the point, and we must hold such refusal to be error.

The trial court found the defendant wrongfully held possession of the property for forty-five days after he had been given notice to vacate, to the damage of the plaintiffs in the sum of $525.00.

The defendant urges upon us that he cannot be held in damages for the period he refused to comply with the unlawful demand of the plaintiffs that he give them the truck as damages in addition to the provisions of the contract; and also, that the plaintiffs elected to exercise the option retained by them to keep all money paid in the event of default, and that they can recover nothing more.

On the first point the defendant relies upon the following from 5 Corbin on Contracts, p. 944, § 1233:

"If, however, the performance promised is one that requires the co-operation of the promisee or of some representative of the promisee, a tender or an offer of performance by the promisor at the proper time and place will make it incumbent on the promisee to render the necessary co-operation. * * *"

On the latter point the defendant cites the cases of Koch v. Glenn, 1933, 53 Idaho 761, 27 P.2d 870, and Armstrong v. Irwin, 1923, 26 Ariz. 1, 221 P. 222, 32 A.L.R. 609, and we agree these well reasoned opinions support the defendant's view.

We do not, however, need to worry about authorities to properly dispose of this appeal. The plaintiffs by their letter of May 15, 1952, exercised their option to terminate the contract as of June 2, 1952, and demanded possession of the premises and business unless the sum in default as of May 1, 1952, $4,950, was paid.

Their action in declaring the forfeiture limited their damages to what had been paid them, and absent the unwarranted demand for the truck, they would have been given possession of the business and premises in accordance with their demand. The defendant was under no obligation to give the plaintiffs the truck in addition to the property and business purchased from them, and they were not entitled to damages for the non-return of something they refused to receive unless it was accompanied by something they had no right to demand.

The judgment will be reversed and the cause remanded to the lower court with instructions to vacate the judgment heretofore rendered and to then enter one for the defendant, and to also award him his costs.

It is so ordered.

SADLER, COMPTON, LUJAN and SEYMOUR, JJ., concur.