WALL, Respondent, vs. WISCONSIN REAL ESTATE BROKERS' BOARD, Appellant.

*May 8—June 3, 1958.*

For the appellant there were briefs by the *Attorney General* and *Roy G. Tulane,* assistant attorney general, and oral argument by *Warren H. Resh,* assistant attorney general.

For the respondent there was a brief and oral argument by *Elliot N. Walstead* of Milwaukee.

BROWN, J.   Mrs. Mirah A. Wall of Green Bay, Wisconsin, hoped to become a licensed real-estate broker. The duty of issuing such licenses has been placed by the legislature in Wisconsin Real Estate Brokers' Board by ch. 136, Stats.

The statutes and the rules of the board most material to this appeal are:

"136.02 BROKERS . . . LICENSED. . . . Licenses shall be granted only to persons who are trustworthy and competent to transact such businesses in such manner as to safeguard the interests of the public, and only after satisfactory proof thereof has been presented to the board."

"136.04 BROKERS' BOARD, DUTIES. (1) *Organization, quorum.* The board . . . may promulgate rules and regulations for administering this chapter and for the performance of its duties and functions. . . ."

"136.05 APPLICATION FOR LICENSE, CONTENTS. (1) . . . Said application shall be in such form as the board prescribes and shall set forth: . . .

"(e) Such further information as the board may reasonably require to enable it to determine the trustworthiness and competency of each applicant, including each member of the partnership, or each officer of the corporation, to transact the business of a real-estate or business-opportunity broker or salesman in such manner as to safeguard the interests of the public.

"(2) In determining competency, the board shall require proof:

"(a) That the applicant for a real-estate broker's license has a fair knowledge of the English language, a fair understanding of the general purposes and general legal effect of

deeds, mortgages, land contracts of sale, and leases, and a general and fair understanding of the obligations between principal and agent, as well as of this chapter."

"136.09 DENIAL OR REVOCATION OF LICENSE, PROCEDURE. (1) No order denying or revoking a license shall be made until after a public hearing held before the board, or before any member thereof, or before any duly authorized employee whose report the board has adopted. The hearing shall be held in the county wherein the applicant for a license or the broker complained of or whose salesman is complained of has his place of business. If the broker or salesman is a nonresident the hearing shall be held at such place as the board designates."

Rules and Regulations of the Wisconsin Real Estate Brokers' Board. Rule, sec. REB 2.03 (1) and (2), 5 Wisconsin Adm. Code, reads:

"(1) *Written examinations.* Each applicant for a broker's or a salesman's license shall be required to read and write a comprehensive examination in English, testing his competency to transact the business of a real-estate broker or salesman or business-opportunity broker or salesman. The examination shall be in conformity with section 136.05, Wis. Stats.

"(2) *Competency.* The grade of 75 or above shall be proof of competency and a grade below 75 shall be proof of incompetency. In all cases, the grade received on the written examination shall be controlling on the question of competency and cannot be supplemented by other proof."

Mrs. Wall applied to the board to be examined for a license. The board conducted a written examination to determine her competency and gave her a failing grade of 62. Thereupon the board entered an order denying her a license.

Mrs. Wall brought proceedings for review by the circuit court for Dane county as permitted by sec. 136.15, Stats., under the provisions of sec. 227.16. Upon that review the court:

"Adjudged that the decision of the Wisconsin Real Estate Brokers' Board entered January 22, 1957, denying the application of Mirah A. Wall for a real-estate broker's license, be, and the same hereby is, reversed and the record remanded."

The board appeals from this judgment. Mrs. Wall moves to review it.

The judgment remands the record without instructions to the board. However, the court filed a written decision in which it said:

"It appears to the court that the examination paper as a whole calls for unreasonably high standards of competency calculated to 'fence in' the licensing of real-estate brokers quite beyond the intent of the legislature. . . . while it may be commendable for the board to do everything within its power to see that licenses are granted only to those applicants for real-estate broker's licenses who are demonstrably competent and trustworthy, such power does not extend to raising the standards above the plain limits of the statute which calls for a general competence and trustworthiness to transact the business of a real-estate broker in such manner as to safeguard the interests of the public and in that connection to have 'a fair knowledge of the English language, a fair understanding of the general purposes and general legal effect of deeds, mortgages, land contracts of sale, and leases, and a general and fair understanding of the obligations between principal and agent' and of chapter 136 of the statutes. . . .

"Not only does it appear to the court that the examination questions are unreasonably difficult but it also appears that the grading of the applicant's paper in this particular case indicates that she was held to an unreasonably hard rule of accuracy in her answers when considered in the light of the statutory standards which admit of no such interpretation. . . .

"Of course the court cannot substitute its judgment for that of the respondent board and grant the petitioner a license. Nor does the petitioner ask that this be done. Her apparent interest is only that she be given a fair opportunity to apply

for a license within and not beyond the standards established by the legislature. This she should be entitled to do."

It is apparent that the trial court thought the board ought either to give Mrs. Wall an easier examination or to grade the present one more leniently when the record was again in its hands, but the court did not so order.

The board's appeal asks us to affirm its order denying the license. Respondent's motion to review asks us to modify the trial court's judgment by a direction to the board requiring it to grant a license to Mrs. Wall.

Counsel for Mrs. Wall points out, and appellant concedes, that Mrs. Wall never was given, or even offered, a public hearing, whether in the county of her place of business or elsewhere, before the board denied her a license. The board submits that she did not ask for one. That excuse is insufficient. Sec. 136.09 (1), Stats., requires the board to give her this hearing. She may not care for it, but at least the board must tender it to her before the statute permits it to deny the license. This omission by itself prevents our approval of the denial of license by the board.

The other questions raised by the appeal are best dealt with in connection with respondent's motion for review.

Counsel agree that the board may not act arbitrarily, capriciously, or fraudulently. Otherwise it has wide discretion in exercising its functions. One of these is to determine the competency of applicants.

Respondent charges that the board has changed the standard of competency as defined in sec. 136.05 (2) (a), Stats., quoted above in the statement of facts, and submits that an inquiry into competency can go no further than to ascertain the applicant's knowledge of the subjects mentioned in sub. (2) (a). The examination taken by Mrs. Wall went far beyond an inquiry limited to these subjects.

We cannot agree with respondent's contention. We consider that a fair knowledge of such matters is a statutory

requirement which the board may not dispense with, but an inquiry into competency may go further within reason and sound discretion into circumstances and situations commonly presented by a broker's occupation and such inquiry is not prevented because not mentioned in sec. 136.05 (2), Stats. For instance, we think that ability to do simple sums is so obviously necessary to a real-estate broker that the legislature could not have intended to exclude it from the board's consideration. Mrs. Wall was inaccurate in this respect. The understanding of plats and ability to locate parcels by legal description are other obvious, necessary qualifications of a competent broker.

The trial court expressed surprise that the board thinks a qualified realtor should know so much of the law of real property as the examination indicates. We are equally surprised. Left to ourselves, it would hardly occur to us that a broker should be able to name "the four unities required to create a joint tenancy,"—but we are not realtors nor has the legislature charged us with the responsibility of determining the qualifications to be required of one aspiring to engage in that occupation. That is the function of the board. Not many of the examination questions are so startling and the trial court did not find that either in the questions or in grading the answers the board acted arbitrarily or capriciously. Fraud, of course, cannot even be suggested.

Though we would, ourselves, not have asked several of the questions except in a bar examination nor would we in some instances have marked the answers as low as did the board, we recognize that the questions in the main dealt with situations apt to confront a real-estate broker and are germane to his competency in his business. The Wisconsin Real Estate Brokers' Board publishes a booklet of over 100 pages entitled "Wisconsin Real Estate Law" and devoted to the obligations of brokers and the knowledge which the board considers they should have. Examples of the situations into which the

present examination inquires are given in this publication and answers to the problems, satisfactory to the board, are set out. The booklet actually is a handbook for brokers and was available to candidates, including Mrs. Wall. Particularly, in view of the publication of this information concerning matters which the board considers within the field of competency, we cannot say that in examining and marking the applicant on such subjects the board, charged by sec. 136.02, Stats., with the duty of safeguarding "the interests of the public," by licensing only competent applicants was arbitrary or capricious. We must, therefore, disapprove the learned trial court's "decision" if it is interpreted as commanding a new examination.

But we must affirm the judgment which reversed the board's denial of a license. It may not do so without tendering to Mrs. Wall the public hearing as required by sec. 136.09, Stats.

*By the Court.*—Judgment affirmed. Motion for review denied.