DEGNER, Respondent, v. MONCEL, Appellant.

*December 4, 1958—January 2, 1959.*

For the appellant there was a brief and oral argument by *V. P. Davis* of Hayward.

For the respondent there was a brief by *Douglas, Omernik & Bitney* of Spooner, and oral argument by *E. E. Omernik*.

BROADFOOT, J.   The defendant contends that neither he nor Stearns made any false statements of fact to the plaintiff to induce him to execute the two notes for commission. Both Moncel and Stearns testified that they had no binding agreement with Hendel or McNary by which they could enforce the payment of a commission from the seller.

Upon the trial Stearns testified that McNary had said, "We'll take care of you." That was in response to a question as to whether he had any agreement, either oral or in writing, for a commission for selling the farm. Although the date is not given it must be inferred that it was at the time he mailed out the brochures or at the time he and the defendant were in Minneapolis. Since Stearns and Moncel were acting together, the knowledge of one is imputed to the other. When they went to Minneapolis and at the time of the final agreement for the purchase of the farm Stearns and Moncel were acting as agents for the plaintiff, pursuant to an agreement with him that he would pay them a commission. As such agents they were acting in a fiduciary capacity and as such were required to make a full disclosure of all information material to the transaction. Concealment of information material to the transaction where such a fiduciary relationship exists constitutes a species of fraud. When plaintiff was told by his agents that the price was net and that they would receive no commission from the seller they withheld information to which he was entitled, namely, that there was an oral agreement to pay them a commission.

The defendant further contends that there was no intent to defraud on the part of Moncel. Here we have a situation where the agents of the buyer inform their principal that they will not get any money from the seller, although the agents had an undisclosed purpose to collect a further com-

mission from the seller. After the purchase had been completed Stearns talked with Hendel on the telephone. He was informed by Hendel that the transaction was satisfactory and everyone was happy. Stearns then asked Hendel if the deal was worth anything to him. Within a short time the check above referred to was sent to Thorp. Under the circumstances intent may be inferred. *Polley v. Boehck Equipment Co.* 273 Wis. 432, 78 N. W. (2d) 737; 23 Am. Jur., Fraud and Deceit, p. 907, sec. 119.

Finally the defendant contends that there was no reliance by the plaintiff on the statements made by Stearns and the defendant. The situation here presented is different from the ordinary fraud case where two persons are dealing at arm's length. Here the defendant was an agent of the plaintiff. Under the circumstances an agent who makes a profit in connection with the transactions conducted by him on behalf of the principal is under a duty to give such profit to the principal. Restatement, 2 Agency (2d), p. 203, sec. 388. Among Wisconsin cases citing this rule are *Pederson v. Johnson,* 169 Wis. 320, 172 N. W. 723; *Caveney v. Caveney,* 234 Wis. 637, 291 N. W. 818; *Old Settlers Club v. Haun,* 245 Wis. 213, 13 N. W. (2d) 913. When the defendant received a commission from both the seller and the buyer without the knowledge and consent of the buyer, it was the duty of the defendant to account to the plaintiff. The defendant was entitled to retain but one commission.

*By the Court.*—Judgment affirmed.