ZIMMERMANN, Appellant, v. THOMPSON, Respondent.

*February 6—March 6, 1962.*

For the appellant there was a brief by *M. J. Levin*, attorney, and *Herbert S. Bratt* of counsel, both of Milwaukee, and oral argument by *Mr. Bratt*.

For the respondent there was a brief by *Michael, Best & Friedrich*, attorneys, and *Frank C. DeGuire* of counsel, all of Milwaukee, and oral argument by *Mr. DeGuire*.

BROWN, J. Plaintiff is the seller, defendant the buyer of certain real estate. They entered into a contract whereby the buyer agreed to pay $500 down and thereafter a balance of $43,000. The contract recited:

"Should the undersigned buyer fail to carry out this agreement, all money paid hereunder shall, at the option of the seller, be forfeited as liquidated damages and shall be paid to or retained by the seller, subject to deduction of broker's commission and disbursements, if any."

The buyer paid nothing on the balance of the purchase price. The seller sold the property to a third party, retained the $500 down payment and brought this action against the buyer for $2,000 which the seller alleges was the actual damage caused by the buyer's default after crediting the $500 kept by the seller.

In addition to his argument on the merits appellant submits that it was error by the circuit court to grant summary judgment because there are unresolved questions of material fact, in which case the matter should proceed to trial.

"We have often said that the power of the courts under the summary-judgment statute (sec. 270.635, 33 W. S. A., p. 309) is drastic and should be exercised only when it is plain there is no substantial issue of fact or of permissible

inference from undisputed facts to be tried. [Cases cited.]" *Voysey v. Labisky* (1960), 10 Wis. (2d) 274, 278, 103 N. W. (2d) 9.

We consider no substantial issue of fact or permissible inference appears in this dispute. The terms of the contract are not in question. The buyer made a down payment of $500 pursuant to terms which, on those terms, the seller accepted. The buyer failed to complete the purchase and the seller has kept the money. The consequence of that retention is a question of law and is to be determined as one upon undisputed facts.

In the absence of a valid excuse for the buyer's nonperformance, which is not for consideration here, the seller was undoubtedly entitled to damages for the buyer's failure to perform her contract to pay the purchase price. The question is whether under the circumstances the contract confines the seller to liquidated damages, $500, or whether he may recover his actual damages, whatever they may be. The contract clause already quoted gives the seller an option to keep the down payment as liquidated damages. Such an option does not prevent the seller from waiving the forfeiture and bringing an action for his actual damages, as appellant submits. However, there is more here than a simple forfeiture. ". . . at the option of the seller [the $500 may] be forfeited as liquidated damages and shall be paid to or retained by the seller, . . ."

This gives the seller an option to take liquidated damages or to take whatever actual damages he can prove, but it does not give him the right to both. If he chooses liquidated damages he may retain the down payment without further fuss or bother. If he chooses actual damages the contract gives him no additional present, simultaneous, right to retain the down payment. He has retained it and is now trying to expand the limited right of retention into a right to keep

the money and apply it on whatever larger damages he can establish. The contract does not so provide.

Under this contract that part of the down payment in excess of broker's commissions or disbursements, as specified by the contract clause in question, can be rightfully retained by the seller only in accordance with seller's option to take liquidated damages. It can neither be assumed that the seller has retained the money without right, nor that he has acquired additional rights by a wrongful retention. The seller has kept the money as he rightfully may do, but he can do so only by recognizing it as liquidated damages. Thereby he exercised his option to treat the cash in his hands as liquidated damages. Accordingly, no cause of action for actual damages remains to him.

Appellant cites *Shenners v. Pritchard* (1899), 104 Wis. 287, 80 N. W. 458, and *Elmor Realty Co. v. Community Theatres* (1932), 208 Wis. 76, 241 N. W. 632, to the effect that a party may waive a forfeiture provision and sue for damages. We do not dispute that, but in those cases there was no provision for liquidated damages. They do not hold that the party may take or retain cash applicable only to liquidated damages and then waive the liquidation feature so as to sue for further compensation.

Appellant has cited *Royer v. Carter* (1951), 37 Cal. (2d) 544, 233 Pac. (2d) 539. In that case the contract provided that, on buyer's default, the seller could retain the amounts already paid as the consideration for the execution of the agreement by the seller. The contract said nothing whatever about these amounts being liquidated damages or in lieu of actual damages. The California court held that the retention of the specified consideration did not bar the seller's action for damages. Appellant also refers us to *Reiter v. Bailey* (1934), 180 Wash. 230, 231, 39 Pac. (2d) 370. There, in event of a default by the buyer " '. . . the seller may elect

to declare a forfeiture and cancellation of this contract and upon such election being made, . . . any payments theretofore made . . . shall be retained by the seller . . .' " as liquidated damages. The seller did not declare a forfeiture but proceeded to sue for actual damages. The court held that (p. 233):

"If no declaration of forfeiture is made, the rights and liabilities thereunder are not called into operation; in other words, it is not agreed that, in all events, the measure of damages for any breach of the contract shall be the payments theretofore made, but that, if the vendors elect to declare a forfeiture, this shall be the measure of damages."

We observe that in the *Reiter Case, supra,* there is a condition precedent upon which depends the activation of the provision for liquidated damages. That condition was not met, namely a declaration of forfeiture. In the case at bar there is no such condition precedent. The contract contemplates only the retention of the down payment by the seller to activate the provision for liquidated damages. Except as a retention of liquidated damages the contract gave the seller no authority to keep the money, and by his doing so we conclude the clause became operative.

While we do not determine this case upon the authority of foreign jurisdictions we may say that *Andreasen v. Hansen* (1959), 8 Utah (2d) 370, 335 Pac. (2d) 404, referred to in the decision of the learned trial court in support of its conclusion, is in point on the facts and in harmony with the result which we have reached.

*By the Court.*—Judgment affirmed.