MORITZ and wife, Respondents, v. BROADFOOT, Appellant.

*May 9—June 6, 1967.*

344

For the appellant there was a brief by *Gregory Gramling, Jr.,* attorney, and *Roland J. Steinle, Jr.,* of counsel, both of Milwaukee, and oral argument by *Mr. Gramling.*

For the respondents there was a brief by *Ames, Riordan, Crivello & Sullivan,* attorneys, and *John H. Ames* of counsel, all of Milwaukee, and oral argument by *John H. Ames.*

HEFFERNAN, J.  It is apparent from the clause in question that it is the seller who has the option of taking the earnest money as liquidated damages in the event of the buyer's default.  As the trial judge correctly pointed out, the problem is one of ascertaining the intention of the parties, and it is clear that the intention of the parties was, by use of this clause, merely to give some security and assurance to the seller that the buyer would perform. It was not designed as an option to the buyer to pay liquidated damages as an alternative to performing the contract.  The purpose of this clause is to protect the seller and not to provide an exculpatory method of avoiding the purchase of the real estate.

The clause also represents an attempt to predetermine damages in the event of the buyer's breach, as the extent of those damages are reasonably contemplated by the parties at the time of the contract.  McCormick, Damages (hornbook series), p. 608, sec. 150.  Assuming that they are reasonable, the seller may, upon breach, rely upon the sum fixed, and "If he chooses liquidated damages he may retain the down payment without further fuss or bother." *Zimmermann v. Thompson* (1962), 16 Wis. (2d) 74, 76, 114 N. W. (2d) 116.  In that same case, we held that a liquidated-damages clause to be exercised at the seller's option did not foreclose the seller from seeking his actual damages, though he could not keep the earnest

money as liquidated damages and in addition seek actual damages. It is equally true that the presence of a liquidated-damages clause does not prevent the injured party from seeking equitable relief as a complete alternative to damages. The rule as stated in McCormick, Damages, p. 613, sec. 152, provides:

"The fact, however, that the damages have thus been agreed upon in advance, does not mean, in a case where . . . in the absence of a liquidated damage clause be entitled to specific relief in equity because money damages are not an adequate equivalent, that the agreed damages are 'adequate' in this sense. Despite the liquidated damage clause, the covenant may be enforced by decree of specific performance or injunction, if the case is otherwise a proper one for such relief."

As applicable to this case, the annotation appearing in 98 A. L. R. 890, V (b) summarizes the rule thus:

"The cases are almost unanimous in support of the rule that a mere provision in a land contract that in case of default the vendee shall forfeit, as liquidated damages, the deposit made on the contract, does not preclude the vendor from maintaining a suit for specific performance."

The law of Wisconsin follows that rule and, in the absence of a clause that permits the payment of a certain sum of money in lieu of and as a complete alternative to performance,[1] at the buyer's option, the seller may insist upon specific performance of the contract even though the buyer wishes to be free of the contract upon relinquishment of his earnest-money payment.

In *Dekowski v. Stachura* (1922), 176 Wis. 154, 157, 185 N. W. 549, this court, although, on the facts, concluding that the case did not warrant specific performance, relied upon the following reasoning, which we deem correctly states the law:

---

[1] Such a provision if unreasonable could be deemed a forfeiture and hence invalid.

"... whenever it appears that the intention of the parties was that the contract should be performed and that a stipulation for liquidated damages or a penalty was inserted merely as a security for such performance, then the contract will be specifically enforced, notwithstanding the contract is alternative in form."

The above cited case stresses that it is the intention of the parties that governs. In the instant case there is nothing to indicate that the clause was inserted for the purpose of exculpating the buyer in case of breach. Rather, its apparent purpose was to assure performance of the contract, and, in the absence of further facts, we would conclude that the seller can nevertheless enforce the sale by the power of a court of equity to invoke a decree of specific performance.

However, the buyer claims on this appeal, as he did at trial, that the seller's retention of the $1,000 earnest-money payment was an acceptance of liquidated damages and that this election barred the seller from seeking additional relief by way of specific performance. He attempts to buttress this argument by the decision of this court in *Zimmermann v. Thompson* (1962), 16 Wis. (2d) 74, 114 N. W. (2d) 116, involving the identical clause. Therein, upon the default of the buyer, the seller retained the earnest money and, in addition, proceeded to sell to a third party, but at a lower figure than originally agreed upon in the contract of sale. The vendor then sued for damages, measuring them by the difference (after crediting the retained earnest-money payment) between the contract price and what he was able to obtain at the subsequent sale.

We held, however, that he had a choice of suing for actual damages or contenting himself with the damages as stipulated.

"This gives the seller an option to take liquidated damages or to take whatever actual damages he can prove, but it does not give him the right to both. If he chooses liquidated damages he may retain the down payment

without further fuss or bother. If he chooses actual damages the contract gives him no additional present, simultaneous, right to retain the down payment." *Zimmermann v. Thompson, supra,* at page 76.

The court went on to say that if a seller seeking damages retains the earnest money:

". . . he can do so only by recognizing it as liquidated damages. Thereby he exercised his option to treat the cash in his hands as liquidated damages. Accordingly, no cause of action for actual damages remains to him." *Zimmermann v. Thompson, supra,* at page 77.

*Zimmermann* is precedent for the situation wherein the seller accepts the breach of contract and sues the defaulting buyer for damages. It is not precedent for the instant case, where the seller has elected to stand on his contractual rights and to seek specific performance. We have recently said:

"Under this remedy the vendor elects to affirm the contract by having the property auctioned at judicial sale." *Kallenbach v. Lake Publications, Inc.* (1966), 30 Wis. (2d) 647, 651, 142 N. W. (2d) 212.

The general rule as stated in Corpus Juris Secundum is in accord: "The vendor by bringing an action for the purchase price affirms the contract." 92 C. J. S., Vendor & Purchaser, p. 450, sec. 477.

Hence, we see no inconsistency in the retention of the earnest money and the action to specifically enforce the sale contract. Under these circumstances the liquidated-damages clause is irrelevant. The seller does not seek damages but his purchase price. It would be highly inconsistent to require the seller to yield up the earnest money which was intended as part payment and then to sue at equity to get the same funds back also as part payment. This is entirely different than the situation where the seller stands on the liquidated-damages clause to get his damages without "fuss and bother" and, in addition,

tries to get whatever other damages he could prove. Such would be highly inequitable and beyond what the parties had bargained for. Here, however, the seller seeks only what he and the buyer have agreed that he is entitled to— the purchase price. To sue in specific performance to affirm the whole contract and to enforce the full payment, he is not required to forego what he has already obtained under that contract.

*By the Court.*—Judgment affirmed.