469 P.2d 715

**ROBERSON CONSTRUCTION COMPANY, Inc., Plaintiff-Appellee,**

v.

**Manuel P. MONTOYA, Defendant-Appellant.**

**No. 8946.**

Supreme Court of New Mexico.

May 25, 1970.

E. E. Klecan, Albuquerque, for defendant-appellant.

Paul A. Phillips, Albuquerque, for plaintiff-appellee.

## OPINION

COMPTON, Chief Justice.

This is an action for damages for breach of contract. Appellant contracted to purchase a house to be constructed by appellee.

The contract required the appellant to pay $50.00 as down payment, and provided for a balance of $22,000.00 to be financed through the Veterans Administration. Paragraph 5 of the contract reads:

"5. Upon receipt of written notice from the Seller or its agents that the Seller has obtained final VA inspection showing completion of the subject house in accordance with the plans and specifications therefor, that the Buyer has qualified in all respects for a VA insured mortgage loan upon the subject house and lot, and that papers relating to such mortgage loan and to the final closing of this transaction have been prepared, the Buyer shall duly execute all such papers and pay all sums due under this Contract. Failure on the part of the Buyer to do so within 72 hours after receipt of such notice shall entitle the Seller to cancel this Contract and to retain all sums theretofore paid hereunder as liquidated damages."

Appellee fully complied with the terms of the contract, nevertheless, appellant refused to consummate the deal. Appellee then sold the house and lot to another party, filed his action for a breach of contract, and sought damages for the costs incurred in making the resale. The trial court found that appellant had breached the contract and awarded damages for the additional costs incurred. Judgment was entered accordingly, and this appeal followed.

We think the ruling of the court was correct. The evidence shows that appellee did not exercise its right under the contract to declare a forfeiture or a cancellation of the contract. In this situation, the appellee could sue to recover damages resulting from the breach. See 17 Am.Jur.2d, Contracts, § 516. Compare, Reiter v. Bailey, 180 Wash. 230, 39 P.2d 370, 97 A.L.R. 1489; Bruce v. Finuf, 58 N.M. 132, 266 P.2d 670, wherein the contract set out the remedies available on the breach of contract. Here, the appellee elected to sue for breach of contract. But, had appellee declared a forfeiture or a cancellation of the contract, and retained the down payment, a different result would be required. Zimmermann v. Thompson, 16 Wis.2d 74, 114 N.W.2d 116; Bruce v. Finuf, supra. Nor has the defendant pleaded that the plaintiff, by keeping the $50.00, waived his right to sue for breach of contract.

Appellant contends that Gruschus v. C. R. Davis Contracting Co., 75 N.M. 649, 409 P.2d 500, supports his position that the plaintiff is limited to a recovery of the down payment. We do not agree. That case is distinguishable from the case before us. In Gruschus, supra, the liquidated damage clause governed the amount of damages for a *breach*. Paragraph five of the contract before us, a liquidated damage clause, governed the amount of damages for *cancellation*, or in other words, rescission.

The recent case of Hopper v. Reynolds, 81 N.M. 255, 466 P.2d 101 (1970), also involved the issue of exclusivity of remedies. The court held that a contract clause, which allowed the owner to *either* sue for specific performance *or* to terminate the contract and retain all previously paid sums as rent, limited the owner to either one of the two remedies which remedies were exclusive. Our case, however, does not involve the limitation of enumerated alternatives. Roberson had a choice of exercising one remedy (by declaring a cancellation and retaining the $50.00), but chose not to exercise it. Therefore, he was left with his other normal contract remedies.

Other points are urged for reversal of the judgment. These have been considered and are either disposed of by what has been said or are found to have no merit. The damages awarded, however, should have been offset by the $50.00 retained by the plaintiff, plus interest at 6% per annum thereon since the date of filing of his complaint. Royer v. Carter, 37 Cal.2d 544, 233 P.2d 539.

The judgment of the trial court is affirmed less the setoff above mentioned.

It is so ordered.

TACKETT and WATSON, JJ., concur.