ROY E. HAYS, Executive Secretary, Wisconsin Real Estate ExaminingBoard
You have forwarded a copy of Governor Lucey's Executive Order 67 dated November 26, 1973. The order states that it was promulgated under provisions of sec. 144.26, Stats., which provides that the Navigable Waters Protection Law shall be administered by the Department of Natural Resources which is to cooperate with municipalities to make plans for and authorize municipal shoreland zoning regulations. The same section provides that flood plain zoning regulations are for the purpose of preserving the shore cover and natural beauty, to protect fish and aquatic life, prevent and control water pollution, and to maintain safe and healthful conditions. Section 144.26 (7), Stats., provides that the department, municipalities and allstate agencies shall mutually cooperate to accomplish the objectives of the section.
The Executive Order further provides in part:
 "`. . . The Real Estate Examining Board, in order to preclude purchasers of property from unknowingly exposing life and property to flood and erosion hazards, should in license review, suspension and revocation proceedings pursuant to section 452.10 (2) of Wisconsin Statutes consider the failure by a real estate broker, salesman or agent to properly inform a potential purchaser that property under consideration lies within an area subject to a flood or lakeshore erosion hazard recognized
by the Department of Natural Resources (as determined from Department, regional planning commission, local ordinance, United States Department of Housing and Urban Development, United States Geological Survey, or Army Corps of Engineer's maps, reports or other documents) to constitute a `substantial misrepresentation,' a `false promise of character' or a `demonstrated untrustworthiness or incompetence to act as a broker . . . or . . . salesman in such a manner as to safeguard the interests of the public.'" (Emphasis added.)
You inquire whether the Examining Board could take action where warranted for violation of any of the provisions set forth in the Executive Order. *Page 238 
It is questionable whether the Executive Order does in fact establish any new obligation on the part of a broker. There is an implicit suggestion that a broker has a duty to inquire as to the status of each property he is attempting to sell with respect to inclusion in flood plain ordinances; however, the Governor is without authority to legislate to that effect and the legislature has not adopted a statute to that effect, nor has the Examining Board adopted a formal rule in the area.
Under Art. V, sec. 4, Wis. Const., the Governor has a duty to "take care that the laws be faithfully executed." The Governor is not a rule-making authority within the meaning of sec. 227.01
(1), Stats. However, such officer is a state agency within the meaning of sec. 144.26 (7), Stats., and has a duty to cooperate to accomplish the objectives of sec. 144.26, Stats. He has power to urge state agencies and municipalities to action and can suggest a course of action.
The Executive Order carries an admonition to the Examining Board that it "should" consider the failure of a broker to inform a purchaser that the properties within a flood or lakeshore erosion hazard area as defined by the Department of Natural Resources, local ordinance, or specified federal agency maps or documents will constitute a "substantial misrepresentation" or "demonstrated untrustworthiness or incompetence to act as a broker . . . or . . . salesman in such a manner as to safeguard the interests of the public." I do not construe the provision as having any force of law as to whether such failure would in fact constitute "misrepresentation," "incompetency or untrustworthiness."
The legislature has charged the Examining Board with the duty of administering the statutes regulating licensing of brokers and salesmen. In disciplinary proceedings, the Examining Board has power to determine whether sec. 452.10 (2), Stats., has been violated. Such determination must be made upon the circumstances of each case. Hilboldt v. Wisconsin Real Estate Brokers' Board
(1965), 28 Wis.2d 474, 481, 137 N.W.2d 482. Wall v. WisconsinReal Estate Brokers' Board (1958), 4 Wis.2d 426, 90 N.W.2d 589.
In its License Law News of December, 1973, the Examining Board has urged brokers to contact the Department of Natural Resources for information whether or not the property is recognized to be a flood or lakeshore erosion hazard. This is a reasonable *Page 239 
precaution for the broker where he does not know the status of the property in that respect.
In Gregory v. Selle (1973), 58 Wis.2d 367, 371-372,206 N.W.2d 147, it was stated:
 ". . . The fiduciary obligations and increased standard of conduct do not devolve upon the mere status of a person as a licensed real-estate broker, but rather upon his functioning as an agent."
"***
 "`A real-estate broker owes the duty of a fiduciary to the property owner for whom he acts as agent'" (Citing Nolan v. Wisconsin Real Estate Brokers' Board (1958), 3 Wis.2d 510, 533, 89 N.W.2d 317.
There will be cases where the broker is in fact agent for the purchaser. In other cases, his primary duty will be to the seller, although he also has obligations to a prospective purchaser with whom he is dealing and who has made an offer on the property. 54 OAG 31, 36 (1965). 12 Am. Jur. 2d, Brokers, sec. 109, p. 858.
A broker dealing with persons with whom he has no agency arrangements must be careful to avoid intentional or careless misrepresentations. Licensed real estate brokers have a special duty not to deceive or mislead purchasers. Lien v. Pitts (1970),46 Wis.2d 35, 46, 174 N.W.2d 462.
The Examining Board will have to determine in each case whether there was an agency, whether the licensee was negotiating with a prospective purchaser on a non-agency basis, whether the licensee knew or should have known of the flood plain zoning status of the property, whether there was in fact misrepresentation or concealment, or whether the actions or omissions of the licensee amounted to demonstrated untrustworthiness or incompetence to act as a broker or salesman in such a manner as to safeguard the interests of the public.
RWW:RJV *Page 240