Donald L. HERCULES, a/k/a Donnell L. Hercules, Plaintiff-Appellant,

v.

ROBEDEAUX, INC., alias, Charles A. Birr, alias, and Thomas Hilsberg, alias, Defendants-Respondents.

Court of Appeals

*No. 81–2464. Submitted on briefs September 2, 1982.—Decided December 22, 1982.*

(Also reported in 329 N.W.2d 240.)

For the plaintiff-appellant the cause was submitted on the brief of *Donald W. Zautcke* of *Zautcke & Lubner, S.C.* of Cedarburg.

For the defendants-respondents the cause was submitted on the briefs of *Jerry Zimmerman* of *Piette, Knoll & Nelson* of Milwaukee; and *Harold D. Block* of Milwaukee.

Before Voss, P.J., Brown and Scott, JJ.

BROWN, J. Donald Hercules appeals from a summary judgment granted in favor of Thomas Hilsberg and Robedeaux, Inc. We conclude his complaint states a claim for breach of Robedeaux's fiduciary duty to disclose all information actually known to it or imputed to it concerning the financial condition of the purchaser. We reverse the judgment with respect to Robedeaux. We affirm, however, the summary judgment as to Hilsberg, because he falls under a different standard than Robedeaux.

In August 1978, Hercules gave an exclusive listing contract for his home to Hilsberg. Hilsberg is an agent for Robedeaux, a real estate brokerage firm. Another agent for Robedeaux, Birr, expressed an interest in purchasing the home. Hilsberg related this interest to Hercules.

Birr subsequently submitted an offer to purchase. The offer stated a selling price of $80,000. Of this amount, $5,000 was to be paid in cash at the closing. The remainder was to be paid under a land contract. The land contract provided for monthly payments of $375 in 1979 and $625 in 1980. Birr and Hercules signed the offer.

Apparently, Birr earned $10,000 in 1978, and his projected income for 1979 was also $10,000. Further, it is claimed that when Birr purchased the property, there were unsatisfied judgments against him.

When Birr submitted the offer, he proposed to supply financial and credit reports to Hercules. Hilsberg testified, in a deposition, that Hercules said the reports were not necessary; that Birr's employment with Robedeaux demonstrated sufficient financial reliability.

The closing occurred in November 1978. From the $5,000 paid by Birr, Robedeaux received a commission of $4,800. Hilsberg and Birr each received a $1,200 commission from Robedeaux.

Birr made payments under the land contract through August 1979. He then defaulted, and Hercules reacquired ownership in a foreclosure action.

In April 1980, Hercules filed a complaint against Robedeaux, Birr and Hilsberg. He alleged the defendants breached a fiduciary duty to disclose information concerning Birr's financial condition prior to the acceptance of the offer to purchase. He sought damages in the sum of the commission paid and the foreclosure costs incurred.

Robedeaux and Hilsberg moved for summary judgment. The court concluded the complaint did not state a claim. We disagree.

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Sec. 802.08(2), Stats. On review of a decision to grant summary judgment, this court must apply sec. 802.08(2) in the same manner as the trial courts. *Fred Rueping Leather Co. v. City of Fond du Lac*, 99 Wis. 2d 1, 3, 298 N.W.2d 227, 229 (Ct. App. 1980). The first step in the procedure is to determine whether the complaint states a claim and whether a material issue of fact is presented. *Grams v. Boss*, 97 Wis. 2d 332, 338, 294 N.W.2d 473, 476–77 (1980).

In the complaint, Hercules alleged the defendants failed to disclose information concerning Birr's poor financial condition. Implicit in this allegation are the assertions that the defendants had a duty to disclose the information and knowledge of the information might have influenced Hercules' decision to sell to Birr. These allegations state a cause of action for breach of an agent's fiduciary duty to disclose information to his principal.

The essential and basic feature underlying the relation of a broker to his employer is that of agency, and the principles of the law of agency apply throughout. *Ford v. Wisconsin Real Estate Examining Board,* 48 Wis. 2d 91, 102, 179 N.W.2d 786, 792 (1970). Agents act in a fiduciary capacity and are required to make full disclosure to their principals of all information material to a transaction. *Degner v. Moncel,* 6 Wis. 2d 163, 166, 93 N.W.2d 857, 859 (1959).

It is not enough just to *offer* to disclose information. If that were the rule, then we fear that brokers, who are relied upon by the principals for their honesty and integrity, could evade their duty to disclose by taking advantage of the principals' faith in them. This means that it is the duty of a broker, like any other agent for pay, to advise his employer fully of all facts within his knowledge that could be reasonably calculated to influence the principals' actions.[1] *See Nolan v. Wisconsin Real Estate Brokers' Board,* 3 Wis. 2d 510, 534, 89 N.W. 2d 317, 331 (1958); *Batson v. Strehlow,* 441 P.2d 101, 110 (Cal. 1968); *Hershey v. Keyes Co.,* 209 So. 2d 240, 243 (Fla. App. 1968). Birr, although a buyer, was allegedly also an agent. He received a partial commission. Therefore, he may have owed this fiduciary duty to Hercules.

Because it can be asserted that Birr should have disclosed information concerning his financial condition, Robedeaux would also be responsible. This is because a

[1] Hercules contends, citing Wis. Adm. Code, sec. REB 8.01, that Robedeaux is presumed to have continuing knowledge of the financial condition of its employees. We disagree. Section 8.01 requires only that the broker investigate the employee when it makes the initial decision to sponsor him.

broker is responsible for the acts of its salespersons, *Nolan*, 3 Wis. 2d at 543, 89 N.W.2d at 335, or, more generally, because agents are responsible to their principals for the acts of subagents. *See* RESTATEMENT (SECOND) OF AGENCY §§ 5, 406 (1957). So, if Birr had knowledge of his own financial instability and if he was acting as a subagent, then Birr's failure to disclose is imputed to Robedeaux. We affirm the summary judgment granted Hilsberg, however, because the record shows no dispute that he lacked knowledge of Birr's credit condition. Because Birr was not a subagent of Hilsberg, Birr's knowledge cannot be imputed to him.

Robedeaux contends that although Wisconsin law allows a cause of action for breach of the fiduciary duty, there is an exception. It argues that under *Mansfield v. Smith*, 88 Wis. 2d 575, 277 N.W.2d 740 (1979), a principal is foreclosed from seeking the return of the commission once he accepts an offer to purchase.

The *Mansfield* court said that a broker earns his commission when he procures a buyer who is ready, willing and able to purchase. *Mansfield*, 88 Wis. 2d at 585–86, 277 N.W.2d at 745. If a seller has accepted an offer to purchase, he is precluded from thereafter alleging that the buyer was not ready, willing or able. *Id.* Therefore, Robedeaux concludes that because Hercules accepted the offer to purchase, he was satisfied that Birr was an able buyer. Any subsequent failure on the purchaser's part should be of no concern to the broker. *Mansfield* apparently was relied upon by the trial court in making its decision.

The reason for the holding in *Mansfield* was explained in *Oregon Home Builders v. Montgomery Investment Co.*, 184 P. 487 (Or. 1919), cited with approval in *Mansfield*. The Oregon court said:

The employer has a reasonable opportunity to investigate the ability of the customer to perform and when,

*without fraud or misrepresentation on the part of the broker,* the employer accepts the customer by effecting a valid and binding contract with him, it is equivalent to a determination that the customer is a person ready, able and willing to purchase or exchange and the employer is estopped thereafter to deny the ability or willingness of the customer to complete the contract. [Emphasis added.]

*Mansfield,* 88 Wis. 2d at 586–87, 277 N.W.2d at 745.

Reliance on *Mansfield* is misplaced. A fair reading of the Oregon rule is that it excepts the broker from responsibility for all subsequent happenings which might render the buyer unable to purchase. It also excepts the broker from responsibility for disclosure of all facts prior to the signing of the contract which might have affected the buyer's ability to purchase but which were unknown to the broker. It does not except the broker from disclosure of facts known prior to the signing which might have affected the seller's decision to accept the offer to purchase. Fraud and misrepresentation by the broker will work to deny a broker from claiming a benefit from the *Mansfield* holding according to that decision. So will nondisclosure of facts the broker actually knew or knew by imputation from the subagent, which facts affect the seller's decision. Therefore, our supreme court has already decided that when a broker has failed to disclose to his principal facts known to him which would indicate the buyer may default, the principal may, though a sales contract has been executed, contend the commission has not been earned. *Wauwatosa Realty Co. v. Paar,* 274 Wis. 7, 15, 79 N.W.2d 125, 130 (1956). In *Paar,* the court cited RESTATEMENT, 2 Agency 1040–41, § 445 (1933), with approval as follows:

If the principal accepts a customer produced by the broker and enters into an enforceable contract with the customer, whether or not the customer is able to perform it or intends to perform it, the broker's right to his com-

mission is not defeated by a subsequent default on the customer's part, unless the principal's promise to the broker is expressed to be conditional upon such actual performance by the customer, or unless the broker has failed to reveal to the principal facts known to him which would indicate the likelihood of such default, or is guilty of some similar breach of duty to the principal.

We conclude that the "failure to disclose" language in *Paar*, together with the "fraud and misrepresentation" language in *Mansfield*, gives three grounds upon which to make the estoppel argument relied upon by Robedeaux inoperable.

■ The defendants also contend the complaint is defective because Hercules has not adequately alleged that the breach of duty caused any damage. We disagree.

Hercules seeks in damages the costs incurred in foreclosing under the land contract and the commission paid to Robedeaux. Hercules has adequately alleged a causal link between the claimed breach and the incurring of these costs. Implicit in his complaint is the assertion that he would not have accepted Birr's offer to buy had the defendants disclosed the information known to them concerning Birr's financial condition. This sufficiently asserts Hercules was damaged by the nondisclosure.

*By the Court.*—Judgment affirmed in part and reversed in part.