## DELOS ALLEN v. CHARLES MOHN.

*Land contract—Breach—Remedies of vendor—Damages.*

1. Under a land contract authorizing the vendor to declare the contract void and to take possession on failure of the vendee to perform the conditions, the vendor, upon the abandonment by the vendee of the contract and of the premises, has the choice of three remedies:

    *a*—A bill for specific performance.

    *b*—Suit to recover the purchase price.

    *c*—Repossession of the premises, and a suit to recover damages for the breach of the contract.

2. The measure of damages in a suit by the vendor in a land contract for its breach is the difference between the contract price and the value of the land at the time of re-entry, less the payments made thereon.

Error to Branch. (Loveridge, J.) Argued May 15, 1891. Decided June 5 1891.

*Assumpsit.* Plaintiff brings error. Reversed. The facts are stated in the opinion.

*F. A. Lyon,* for appellant.

*W. H. Lockerby,* for defendant.

GRANT, J. Plaintiff and defendant made a contract, by which plaintiff agreed to sell to defendant certain real estate. The contract was made in November, 1886. In September, 1890, defendant informed plaintiff that he could not go on with the contract, refused to pay the interest which was then due, and said that he would give up the contract. While the testimony is not clear as to the circumstances under which plaintiff took possession of the land, it appears to be conceded by both parties that defendant abandoned the premises, and

plaintiff thereupon took possession. The contract contained the following clause:

"It is mutually agreed between the parties that the said party of the second part shall have possession of said premises on and after date hereof, and he shall keep the same in as good condition as they are at the date hereof, until the said sum shall be paid as aforesaid; and, if said party of the second part shall fail to perform this contract, or any part of the same, said party of the first part shall, immediately after such failure, have a right to declare the same void, and retain whatever may have been paid on such contract, and all improvements that may have been made on said premises, and may consider and treat the party of the -second part as his tenant holding over without permission, and may take immediate possession of the premises, and remove the party of the second part therefrom."

Upon the abandonment of the contract and of the premises by defendant plaintiff had his choice of three remedies:

1. Bill for specific performance.
2. Suit at law to recover the purchase price.
3. A repossession of the premises, and a suit to recover damages for a breach of the contract.

The latter remedy is supported by the following authorities: *Railroad Co. v. Evans,* 6 Gray, 25; *Griswold v. Sabin,* 51 N. H. 170; *Meason v. Kaine,* 67 Penn. St. 126, 63 Id. 335; *Porter v. Travis,* 40 Ind. 556; *Wasson v. Palmer,* 17 Neb. 330 (22 N. W. Rep. 773). In such case the measure of damages is the difference between the contract price and the value of the land at the time of abandonment and re-entry, less what has been paid. This rule is just, and places vendor and vendee upon a footing of equality and mutuality. In order to deprive the vendor of this remedy it must either be excluded by the terms of the contract, or waived by his acts and conduct. In this case the contract does not exclude it, nor has the plaintiff waived it.

The circuit court was in error in directing a verdict for the defendant.

Judgment is reversed, with costs, and a new trial ordered.

The other Justices concurred.