[No. 25040. Department Two. December 26, 1934.]

JULIA REITER *et al., Appellants,* v. CARL BAILEY *et al., Respondents.*[1]

*McMicken, Ramsey, Rupp & Schweppe,* for appellants.

*C. A. Schneider,* for respondents.

GERAGHTY, J.—This action was brought by plaintiffs to recover of the defendants damages for their breach and abandonment of an executory contract to purchase real property. The facts as found by the court are as follows:

Julia Reiter, one of the plaintiffs, and her husband, since deceased, entered into a contract with the defendants, by the terms of which they agreed to sell to the defendants, and the defendants agreed to purchase,

[1]Reported in 39 P. (2d) 370.

certain real property in the city of Seattle. The agreed purchase price was $4,371.30, payable in installments. After having made several payments under the contract, the defendants notified the plaintiffs that they did not intend ''to take such real estate or be bound by said contract, and thereupon abandoned said property and refused to abide by the terms of said contract,'' without the consent or acquiescence of the plaintiffs. At the time of such abandonment, there remained unpaid upon the principal of the contract the sum of $3,248.91. The fair market value of the property at the time of the abandonment was $2,500. The court found that, among other things, the contract provided as follows:

''Time is the essence of this contract and in case the purchaser shall fail to make any payments of the said purchase price, promptly at the time the same shall fall due as hereinbefore specified, or promptly to perform any covenant or agreement aforesaid, the seller may elect to declare a forfeiture and cancellation of this contract and upon such election being made, all rights of the purchaser hereunder shall cease and determine and any payments theretofore made hereunder by the purchaser shall be retained by the seller in liquidation of all damages sustained by reason of such failure.''

The trial court, having reached the conclusion that the stipulation for liquidated damages contained in the above provision was applicable to the case and binding upon the plaintiffs, entered a judgment of dismissal, from which the plaintiffs have appealed.

We have presented here for solution the sole question whether the provision for liquidated damages is limited in its application to a case arising out of the election of the vendors to declare a forfeiture and cancellation of the contract, or is general in its application and forecloses the right of the vendors to sue

for full damages resulting from breach of the contract.

The appellants contend that the clause has no application in this case, because they did not "elect to declare a forfeiture and cancellation," but, on the contrary, are seeking an affirmance of the contract, not to the extent of requiring its specific performance, but as the basis for a recovery of their actual damage, being the difference between the balance unpaid on the contract price and the present market value of the property. They argue that the quoted clause is for the benefit of the vendors, to be taken advantage of by them at their election; and that, since they did not elect to exercise the right to declare a forfeiture, with the attendant limitation of damages to the amount theretofore paid by the vendees, the provision for liquidated damages does not become operative.

On the other hand, the respondents contend that the appellants are suing for breach of the contract, and therefore the provision that "any payments theretofore made by the purchaser shall be retained by the seller in liquidation of all damages" fixes the sole measure of damages that the parties have a right to so stipulate, and that it is the duty of the court to give effect to the stipulation.

If we correctly understand respondents' further contention, it is that, as to the appellants' right of election, they were limited either to sue for specific performance or to terminate the contract, keeping the payments made as liquidated damages.

The clause of the contract here in question makes time of the essence, and in requiring prompt payment by the purchasers and granting the vendors the right to declare a forfeiture, it is clear that it is the intention to give an additional security or benefit to the vendors, in the event of a forfeiture, by the

right to retain payments made upon the purchase price. If no declaration of forfeiture is made, the rights and liabilities thereunder are not called into operation; in other words, it is not agreed that, in all events, the measure of damages for any breach of the contract shall be the payments theretofore made, but that, if the vendors elect to declare a forfeiture, this shall be the measure of damages. That such a forfeiture clause is for the benefit of the vendor and may be waived, is supported by numerous authorities. In considering a forfeiture clause in an executory contract, the supreme court of the United States, in *Stewart v. Griffith,* 217 U. S. 323, 30 S. Ct. 528, says:

"The condition plainly is for the benefit of the vendor and hardly less plainly for his benefit alone, except so far as it may have fixed a time when Stewart might have called for performance if he had chosen to do so, which he did not. This being so, the word void means voidable at the vendor's election and the condition may be insisted upon or waived at his choice."

In 27 R. C. L. 613, it is said:

"As a general rule provisions in effect authorizing a forfeiture of the contract for default of the purchaser in paying instalments of the purchase money confer on the vendor an additional remedy which it is optional with him to take advantage of, and the courts are not inclined to permit the purchaser to take advantage of his own default and escape further liability on the contract unless its terms clearly require this construction."

We also find in 29 Am. & Eng. Ency. of Law (2d ed.), p. 683, the following:

"Although the contract provides that upon the happening of certain contingencies the vendor has the right to declare the contract void, the provision is not binding upon him, but he has the option to declare a forfeiture, or he may waive the right and treat the

agreement as binding. The provision for forfeiture is for the benefit of the vendor and not the vendee.''

Upon this question, the author of a note in L. R. A. 1916C, at p. 894, comments in part as follows:

''As already pointed out, it is the general rule that forfeiture provisions in contract for the sale of land are inserted for the benefit of the vendor, and it is optional with him to take advantage of the same. Notwithstanding the default of the vendee, ordinarily he may treat the contract as valid and hold the vendee for the balance due on the purchase price, or he may elect to enforce the forfeiture clause, retain what has been paid to him on the contract, and recover the possession of the lands described therein.''

In *Cochran v. Lakota Land & Water Co.*, 171 Wash. 155, 17 P. (2d) 861, there was involved the specific performance of a lease containing a forfeiture provision. There, the defendant contended that the plaintiff's only remedy for the breach was the forfeiture of the contract and the retention of payments made thereon as liquidated damages. The court, after declaring that the lease was, after all, but a contract, and the rule governing contracts in general should govern, says:

''The language of the provisions with which we are here concerned does not clearly express an intention of the parties that the lessor's rights should be limited to a forfeiture. To construe these provisions as respondents contend for would enable them to take advantage of their own wrong, and escape the liability of what they deemed to be a burdensome lease. . . . That clause merely stated the legal result of a forfeiture, if acted upon by the appellants. Respondents argue that the language should not be disregarded as surplusage, since that would violate a fundamental rule in the construction of contracts. We do not disregard the language at all. We construe it to mean that, if the lessor should exercise his right to forfeit, then further liability of the lessee would cease, otherwise not. Since

the lessor did not exercise his right to forfeit, the liability of the lessee did not cease.''

We can see no reason for applying a different rule here. The failure of the appellants to declare a forfeiture made inoperative the provision relating to liquidated damages, and therefore left to appellants the right either to require specific performance or to sue for damages. This is in line with the case of *Icely v. Grew,* 6 Nevill & Manning (K. B.) 467, holding that where, in a contract of sale, one of the conditions is that, if the purchaser shall fail to comply with any of the conditions, the deposit shall be forfeited as liquidated damages, such condition forms no qualification of the general promise to complete the purchase, and therefore, upon the wrongful abandonment of the contract on the part of the purchaser, the vendor may recover full damages.

What we have said is not inconsistent with 8 R. C. L., p. 578, § 127, which announces the rule to be that, where the liquidated damages are fixed, the recovery must be for that amount, and that no other or greater damages can be awarded. This rule presupposes a mutually effective and binding stipulation, while in the case at bar the contract provision relating to liquidated damages becomes operative and binding only at the election of the vendors, to be exercised by the declaration of a forfeiture and cancellation. As there was no such election or declaration of a forfeiture and no conduct on the part of the appellants which otherwise made applicable the provision relating to liquidated damages, the appellants had the right either to require specific performance or the payment of damages actually suffered. *Allen v. Mohn,* 86 Mich. 328, 49 N. W. 52, 24 Am. St. 126.

We have examined the authorities cited by respond-

ents, and do not find any of them out of harmony with our conclusions.

The rule for the measure of damages applicable here is announced in *Hogan v. Kyle,* 7 Wash. 595, 35 Pac. 399, 38 Am. St. 910, and *Kritzer v. Moffat,* 136 Wash. 410, 240 Pac. 355, 44 A. L. R. 681, as being the difference between the unpaid balance of the principal and the market value of the property at the time of the breach. The difference was found by the court to be $748.91.

The judgment of the trial court is reversed, with directions to enter judgment for the appellants in the last named amount, together with interest thereon.

BEALS, C. J., BLAKE, TOLMAN, and HOLCOMB, JJ., concur.