NELSON v. HACKER.

1. VENDOR AND PURCHASER—ABANDONMENT OF CONTRACT AND PREMISES—EVIDENCE.

In suit by holder of purchasers' interest under assignment of land contract, assented to by defendant vendor, for cancellation of contract, evidence *held*, sufficient to support finding of court that plaintiff had abandoned the contract and premises.

2. SAME—RESCISSION OF LAND CONTRACT—ABANDONMENT.

Conduct on the part of both the vendor and purchaser which is inconsistent with the continuance of the contract of sale constitutes rescission by abandonment.

3. SAME—ABANDONMENT.

Rights of either party under a contract for sale of land may be lost by abandonment and it is not necessary that relinquishment be in writing as an abandonment may be deduced from circumstances or course of conduct.

4. SAME—ABANDONMENT BY PURCHASER.

Abandonment by purchaser under a land contract is shown where he positively and absolutely refuses to perform conditions of the contract such as failing to make payments due accompanied by other circumstances clearly evidencing an intention to abandon the contract, and while the question is usually one for the jury the acts and conduct may be so decisive and unambiguous as to justify the court in deciding the question as a matter of law.

5. APPEAL AND ERROR—VENDOR AND PURCHASER—FORFEITURE—ABANDONMENT.

In suit by purchaser's assignee for cancellation of land contract containing provision giving vendor right, upon vendee's default, to declare contract at an end and take posesssion and retain the property and all payments and improvements made as stipulated damages, such provision together with finding of plaintiff's abandonment of contract and defendant's acquiescence therein render unnecessary the consideration of other issues.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted October 6, 1936. (Docket No. 8, Calendar No. 38,996.) Decided December 28, 1936.

Bill by Jens Nelson against Albert Hacker to cancel a contract for sale of land. Bill dismissed. Plaintiff appeals. Affirmed.

*William A. King* and *N. Calvin Bigelow,* for plaintiff.

*Reinhardt A. Nank,* for defendant.

SHARPE, J.   In April, 1922, defendant contracted to sell to Lewis H. Gallarno and Mary Gallarno, his wife, a parcel of real estate in the city of Detroit, known as 19163 Blake avenue, upon which was located a frame dwelling, for an agreed purchase price of $4,500 of which $250 was paid upon the delivery and execution of the contract and the balance of $4,250 to be paid in monthly instalments of $35, such payments to include both principal and interest at the rate of six per cent. per annum. On February 24, 1930, Gallarno and wife assigned their interest in the contract to Jens Nelson, plaintiff herein, and such assignment was assented to by defendant.   At the time of the assignment of the contract, there had been paid to defendant the sum of $1,810 exclusive of interest; and from the date of the assignment until the month of December, 1931, plaintiff paid defendant the sum of $652.60.   The record also shows that sometime in the spring of 1931 the dwelling on said premises was damaged by fire to such an extent that the city authorities would not permit it to be restored to its original condition before the fire. The dwelling was remodeled and made into a two-story, two-family flat; and the insurance company paid the sum of $951.44 as part of the cost of remodeling the property.   In April, 1933, defendant took possession of the premises without having served a legal notice of forfeiture of the contract upon plaintiff.

In September, 1933, plaintiff filed his bill of complaint to have the land contract cancelled, an accounting and a lien for such moneys as may be found to be due him. The trial court referred the matter of taking proofs to a circuit court commissioner who made a finding in addition to such facts as are hereinbefore stated that plaintiff became in default under the terms of the land contract in the month of June, 1931; that in addition to the money paid by the insurance company for repairing and remodeling the building, plaintiff spent additional sums, but the effect of such expenditures as improvements was offset and nullified by depreciation through the neglect and careless attention of the plaintiff to the property; that plaintiff was in possession of said premises from February 24, 1930, to January 3, 1933, and collected in rentals the sum of $600 and is chargeable with an additional sum of $400 for reasonable rental value of said premises during the period of vacancies due to his lack of proper attention to the management of the property; that on January 2, 1933, plaintiff offered to sell to defendant his equity in the premises for $400 and upon the refusal of defendant to purchase same, then expressed his intention of abandoning the contract as well as the premises; that prior to or during the month of April, 1933, plaintiff did abandon the premises and the defendant finding the premises abandoned took peaceable possession of the same to preserve his lawful interest therein; that defendant has offered to reinstate the land contract upon payment of the amounts due thereunder; and that the defendant was justified in taking possession of the abandoned premises for the purpose of preserving the same and preventing further waste.

The trial court adopted the findings of the circuit court commissioner and entered a decree dismissing

plaintiff's bill of complaint. Plaintiff appeals and contends that there was no valid forfeiture by defendant of the land contract; that there was no abandonment of the premises by plaintiff and that he (plaintiff) is entitled to an equitable lien upon the premises for the improvement placed upon the same by plaintiff.

We have examined the record and have found evidence from which the trial court could have made a finding that plaintiff had abandoned the contract and premises. One witness heard plaintiff say to defendant, "You can do as you like with it (the land contract). I am through. I am going away, and you can do what you want with it. I am through." Other witnesses testified that they heard plaintiff say substantially the same thing. Moreover, the condition that the dwelling was in at that time indicates an abandonment. One witness testified:

"The property was just a wreck; doors open and the windows broke out, the window shades on the floor; the floor is warped on account of the water. There was nobody living there at the time."

"Conduct on the part of both the vendor and the purchaser which is inconsistent with the continuance of the contract of sale constitutes rescission by abandonment." *Stevens* v. *Wakeman*, 213 Mich. 559.

"The rights of either party under a contract of sale may be lost by abandonment and become extinguished thereby. A relinquishment in writing is not necessary, as abandonment may be deduced from circumstances or course of conduct clearly evincing an abandonment thereof, or the abandonment may be by parol." 66 C. J. p. 730.

"Abandonment by the purchaser is shown * * * where he positively and absolutely refuses to perform the conditions of the contract, such as a failure

to make payments due, accompanied by other circumstances, * * * or where by his conduct he clearly shows an intention to abandon the contract. * * * As a general rule whether or not the purchaser's acts and conduct amount to an abandonment of the contract is a question for the jury; but such acts and conduct may be so decisive and unambiguous as to justify the court in deciding the question as a matter of law." 66 C. J. p. 731, *et seq.*

See, also, 66 C. J. p. 733—"Effect of Abandonment;" and *Allen* v. *Mohn,* 86 Mich. 328 (24 Am. St. Rep. 126).

In the instant case the contract has the usual provisions giving the vendor the right, upon vendee's default, to declare the contract void and at an end and to take possession and retain the property and all payments and improvements made as stipulated damages.

In view of the provisions contained in the contract relating to defendant's right in the event of a forfeiture, and the fact that plaintiff abandoned the contract and defendant's apparent acquiescence therein, we find it unnecessary to decide other issues raised by plaintiff.

The decree of the trial court is affirmed. Defendant may recover costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL and TOY, JJ., concurred. POTTER, J., did not sit.