[No. 43319. En Banc. January 9, 1975.]

LAURA E. MAHONEY, *Respondent*, v. CLAUDE W. TINGLEY *et al, Appellants.*

*Bonjorni, Burgeson & Fiori* and *Duncan A. Bonjorni,* for appellants.

*Siderius, Lonergan & Crowley* and *David C. Pearson,* for respondent.

BRACHTENBACH, J.—Plaintiff seeks against defendants damages arising out of the breach of an earnest money agreement, those damages being in excess of an amount stipulated in a liquidated damages clause.

The parties entered into an earnest money agreement in which the plaintiff agreed to sell residential property to the defendants. The price, originally fixed in the agreement at $21,500, was later reduced to $20,250 in order to conform to a Veterans Administration appraisal. Defendants deposited $50 as earnest money with the real estate broker and, subsequently, deposited $150 as additional earnest money. The agreement contained the following clause:

> If title is so insurable and purchaser fails or refuses to complete purchase, the earnest money shall be forfeited as liquidated damages unless seller elects to enforce this agreement.

At defendants' request, the plaintiff moved from the premises, but the defendants did not move in. Instead, upon being notified that the transaction was ready for closing, the defendants indicated that they did not intend to complete the purchase. Defendants' attorney wrote to the plaintiff's realtor and stated that the defendants wished to

cancel the agreement. Plaintiff's attorney responded that cancellation was not justified and demanded that defendants complete the transaction. Defendants did not respond to that letter, and the plaintiff sold the property to a third party for $19,000.

On the basis of the defendants' breach, plaintiff sued, alleging damages totaling $3,141.44. The defendants answered the complaint with a general denial and prayed for dismissal of the suit. On the day set for trial, the trial judge met with counsel in chambers. During that conference, the trial judge determined that the case turned upon the effect to be given the liquidated damages clause. Accordingly, the judge decided to treat the matter as one in which summary judgment was appropriate. After hearing argument relating to the liquidated damages clause, the court ruled that plaintiff was entitled only to the stipulated amount and entered an order for summary judgment in favor of defendants.

The Court of Appeals reversed the summary judgment. *Mahoney v. Tingley*, 10 Wn. App. 814, 520 P.2d 628 (1974). That decision was not unanimous and defendants appealed pursuant to ROA II-2 which provides for appeal where reversal of a superior court judgment is by less than a unanimous decision.

The liquidated damages clause at issue here provided an option to the plaintiff once there was failure or refusal by defendants to complete the purchase. Plaintiff could elect to sue for specific performance of the earnest money agreement, or she could retain the earnest money as liquidated damages. The potential remedy of specific performance was, of course, foreclosed upon sale of the property to a third party. Plaintiff now seeks to avoid the limitation imposed by the provision for stipulated damages.

██ Plaintiff first argues that the alternative remedies provided by the earnest money agreement are not exclusive, and cites *Reiter v. Bailey*, 180 Wash. 230, 39 P.2d 370, 97 A.L.R. 1489 (1934), for the proposition that a vendor may forego declaring a forfeiture of earnest money and

elect, instead, to sue for actual damages. *Reiter* involved a real estate contract in which it was provided that, upon failure of the purchaser to make any payment,

> [T]he seller *may elect* to declare a forfeiture and cancellation of this contract and upon such election being made, . . . any payments theretofore made hereunder by the purchaser shall be retained by the seller in liquidation of all damages sustained by reason of such failure."

(Italics ours.) *Reiter v. Bailey, supra* at 231. This court interpreted the clause to mean that the seller had reserved the options of seeking specific performance, liquidated damages or actual damages upon the buyer's default. Where parties expressly provide for such alternatives, there can be no objection to the seller's choice of one remedy from among those contemplated in the agreement. However, where an earnest money agreement provides that, upon the purchaser's failure or refusal to complete the transaction, the earnest money *shall be forfeited* as liquidated damages unless the seller chooses specific performance (as does the clause in the present case), we have clearly held that the seller cannot pursue a third remedy of unliquidated damages which is not written into the agreement. *Underwood v. Sterner,* 63 Wn.2d 360, 367, 387 P.2d 366 (1963). In this case the liquidated damages clause, if enforceable, will limit plaintiff's recovery to that amount stipulated in the earnest money agreement.

██ Plaintiff's principal contention is that the liquidated damages clause constitutes a penalty and is, therefore, unenforceable. However, no penalty is involved here. A penalty exists where there is an attempt to enforce an obligation to pay a sum fixed by agreement of the parties as a *punishment* for the failure to fulfill some primary contractual obligation. 5 S. Williston, *Contracts* § 770, at 641 (3d ed. 1961). In this case, it is not the party in default who seeks relief from an excessively high liquidated damages provision. Rather, the provision operates to limit the recovery of the party who incurred a loss as a result of the other

parties' breach. There being no element of punishment involved, it cannot be said that plaintiff is being penalized in any sense.

 There is some authority to support the view that where a stipulated amount of damages is substantially below the actual damage, the limitation will be found to be unenforceable. *See, e.g., Bonhard v. Gindin,* 104 N.J.L. 599, 142 A. 52 (1928); *McCelvy v. Bell,* 6 S.W.2d 390 (Tex. Civ. App. 1928); C. McCormick, *Damages* § 149, at 608 (1935). There is, however, contrary authority. For example, in *Kinston v. Suddreth,* 266 N.C. 618, 146 S.E.2d 660 (1966), the argument was made that a liquidated damages clause, which stipulated an amount less than actual damages, was a penalty and unenforceable. The court refused even to consider the nature of the clause at issue, holding that an injured party cannot recover damages beyond the amount stipulated in a liquidated damages clause. We believe that the view expressed by the North Carolina court is the better one.

The precise issue raised in this case, whether a seller can avoid the consequences of a liquidated damages clause which proves insufficient, has not previously been considered by this court, but the law relating generally to the enforceability of liquidated damages provisions is summarized in *Jenson v. Richens,* 74 Wn.2d 41, 47, 442 P.2d 636 (1968), where it is stated:

> Unless it be demonstrated that provisions for liquidated damages are actually a penalty or are . . . otherwise unlawful, this court will sustain them. *Underwood v. Sterner,* 63 Wn.2d 360, 387 P.2d 366 (1963); *Management, Inc. v. Schassberger,* 39 Wn.2d 321, 235 P.2d 293 (1951).

Also, in addition to a background of case law which suggests that provisions for liquidated damages will ordinarily be upheld by the courts, there are practical considerations which lend further support to our decision that such provisions under these circumstances are binding upon the seller. We must assume that the seller considered the cer-

tainty of a liquidated damages clause to be preferable to the risk of seeking actual damages in the event of the purchasers' breach. We must also assume that the purchasers understood and relied upon the liability limitation stipulated in the agreement. Furthermore, it cannot be ignored that the seller, in making an earnest money agreement, can simply demand more protection—a larger deposit of earnest money—or even dispense with a liquidated damages provision altogether. Except where extraordinary circumstances are involved such as fraud or serious overreaching by the purchaser, a seller who chooses to utilize the device of liquidated damages in an earnest money agreement, with its attendant features of certainty and reliance upon the limitation, cannot avoid the effect of that agreement.

Plaintiff asserts that, regardless of the validity of the liquidated damages clause, defendants are precluded from raising a defense based upon that clause because they failed to plead the defense affirmatively. CR 8(c) lists certain defenses which must be pleaded affirmatively but extends, also, to "any other matter constituting an avoidance or affirmative defense." We need not decide whether a liquidated damages clause falls within the language of the rule, however. It is to avoid surprise that certain defenses are required by CR 8(c) to be pleaded affirmatively. In light of that policy, federal courts have determined that the affirmative defense requirement is not absolute. Where a failure to plead a defense affirmatively does not affect the substantial rights of the parties, the noncompliance will be considered harmless. *Tillman v. National City Bank*, 118 F.2d 631, 635 (2d Cir. 1941). Also, objection to a failure to comply with the rule is waived where there is written and oral argument to the court without objection on the legal issues raised in connection with the defense. *Joyce v. L.P. Steuart, Inc.*, 227 F.2d 407 (D.C. Cir. 1955). There is a need for such flexibility in procedural rules. In the present case, the record shows that a substantial portion of plaintiff's trial memorandum and the entire substance of the hearing on summary judgment concerned the effect of the liqui-

dated damages clause. To conclude that defendants are precluded from relying upon that clause as a defense would be to impose a rigid and technical formality upon pleadings which is both unnecessary and contrary to the policy underlying CR 8 (c), and we refuse to reach such a result.

■ Finally, plaintiff contends that defendants are estopped from asserting a liquidated damages defense because of their conduct in requesting plaintiff to move from the premises prior to the time for closing. The elements of equitable estoppel or estoppel in pais are succinctly stated in *Dorward v. ILWU-PMA Pension Plan*, 75 Wn.2d 478, 484, 452 P.2d 258 (1969):

> To constitute estoppel *in pais*, three things must occur: (1) An admission, statement, or act inconsistent with the claim afterwards asserted; (2) action by the other party on the faith of such admission, statement, or act; and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement, or act.

It is with respect to the second requirement of equitable estoppel, that of reliance upon defendants' request, that plaintiff's assertion fails. Defendants' request merely tended to confirm their intention to complete the transaction, and plaintiff could rely on nothing more than the defendants' agreement to meet their obligations under the earnest money agreement. Upon defendants' breach of the agreement, the extent of defendants' liability was fixed by the liquidated damages clause. Therefore, the doctrine of equitable estoppel is not applicable in this case.

We reverse the Court of Appeals and order the reinstatement of summary judgment for defendants.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, and UTTER, JJ., concur.

Petition for rehearing denied April 3, 1975.