[No. 13731-0-I. Division One. April 7, 1986.]

E. LEE NOBLE, *Appellant,* v. DANIEL E. OGBORN, *Respondent.*

*Richard J. Troberman,* for appellant.

*Davis, Wright, Todd, Riese & Jones* and *Duncan A. Bayne,* for respondent.

RINGOLD, J.—The seller, E. Lee Noble, sued the buyer, Daniel E. Ogborn, for breaching a real estate purchase and sales agreement. The trial court awarded Noble his attorney fees plus $1,000 in liquidated damages. Noble appeals, arguing that he should receive actual damages of $30,383.97 as found by the trial court. Ogborn cross–appeals claiming the trial court erred by finding that Noble suffered damages as a consequence of Ogborn's breach.

The determinative question presented for our consideration is the interpretation of the clause in the agreement stating: "In the event of default by Buyer, Seller shall have the election to retain the earnest money as liquidated damages, or to institute suit to enforce any right Seller has . . ." The issue is whether, after Ogborn failed to proceed with the purchase, this clause limited Noble's damages to

the earnest money paid by Ogborn. The trial court concluded that Noble could elect between the remedies of specific performance or $1,000 liquidated damages, but did not permit him to pursue a remedy of all damages resulting from buyer's breach of contract. We disagree and reverse.

Noble purchased the subject property from Michael and Sally Hunt pursuant to a real estate contract. Subsequently, and apparently when Noble was delinquent in his payments to the Hunts, he entered into the agreement with Ogborn whereby Noble promised to sell and Ogborn promised to buy the vendee's interest which Noble had acquired from the Hunts. By an addendum attached to the agreement, Ogborn also agreed to assume the underlying contract obligations to the Hunts.

Ogborn refused to close the transaction without legal cause or justification. The Hunts commenced an action to quiet title because of Noble's default, and Noble commenced this action. Both cases were tried together. As a result of Ogborn's breach, a judgment was entered against Noble forfeiting the vendee's interest in the real estate contract with the Hunts. The trial court quieted title to the property in the Hunts, and they received, as liquidated damages, payments totaling $25,000, which Noble had already paid on the contract. The Hunts were further awarded $5,000 for attorney fees and $383.97 for costs. The trial court awarded Noble $1,000 for liquidated damages, $85.70 for costs, and $2,388.30 for attorney fees.[1]

### EFFECT OF LIQUIDATED DAMAGES CLAUSE

We first consider Ogborn's contention that Noble was precluded from seeking actual damages, because their agreement contained a liquidated damages clause. Ogborn argues that the language in the subject contract is essentially the same as that in *Mahoney v. Tingley,* 85 Wn.2d 95, 529 P.2d 1068 (1975), where the contract stated, "the

---

[1]The contract between Noble and Ogborn stated: "In the event that either the Buyer, Seller, or Agent, shall institute suit to enforce any rights hereunder, the successful party shall be entitled to court costs and a reasonable attorney's fee."

earnest money shall be forfeited as liquidated damages unless seller elects to enforce this agreement." *Mahoney,* at 96. The Supreme Court concluded this language left the seller with the choice of specific performance or liquidated damages, but precluded an action for actual damages. *Mahoney,* at 98. Ogborn argues the same result should be reached in the case sub judice.

The general rule is that the interpretation of a contract is a question of law. *Kelly v. Aetna Cas. & Sur. Co.,* 100 Wn.2d 401, 407, 670 P.2d 267 (1983). Contracts should be construed to reflect the intent of the parties. *Corbray v. Stevenson,* 98 Wn.2d 410, 415, 656 P.2d 473 (1982). There is no evidence of intent before this court other than the language of the contract. Absent disputed evidence concerning the intent of the parties, the construction or legal effect of a contract is determined by the court as a matter of law. *Yeats v. Estate of Yeats,* 90 Wn.2d 201, 204, 580 P.2d 617 (1978).

A liquidated damages clause does not preclude a party from suing for actual damages if that right is preserved in the contract between the parties. *Reiter v. Bailey,* 180 Wash. 230, 39 P.2d 370, 97 A.L.R. 1489 (1934); *Mahoney.* Noble and Ogborn contracted that Noble shall have the election to retain the earnest money as liquidated damages, "or to institute suit to enforce any rights seller has."

In *Reiter,* the contract provided that, upon default by the buyer, the seller could elect to declare a forfeiture, cancel the contract, and retain all payments previously made as liquidated damages. The Supreme Court ruled that if the seller did not elect to cancel the contract, the seller retained "the right either to require specific performance or to sue for damages." *Reiter,* at 235. The contract between Noble and Ogborn more closely resembles the contract in *Reiter* than the one in *Mahoney.*

Rather than stating the earnest money shall be liquidated damages unless the seller chooses to enforce the agreement, the contract in the case sub judice allows Noble

to elect to have liquidated damages or retain all his rights. The meaning and intent of "any rights seller has" includes the right to sue for damages for breach of contract.

Ogborn also argues that Noble elected to sue for liquidated damages in his complaint, precluding him from seeking other relief. In Noble's complaint he pleaded in the alternative for specific performance, liquidated damages, or actual damages. This is permissible, and no election was made. CR 8(a); *Melby v. Hawkins Pontiac, Inc.*, 13 Wn. App. 745, 750, 537 P.2d 807 (1975). Noble was not, therefore, foreclosed from receiving an award of actual damages. *See Melby.* The trial court erred by limiting Noble's recovery to $1,000, and Noble should receive actual damages, found by the trial court to be $30,383.97.

### OGBORN CROSS APPEAL

In his cross appeal, Ogborn contends that the trial court's finding that Noble suffered damages in the sum of $30,383.97 is not supported by substantial evidence. A trial court's findings may not be reversed by an appellate court if they are supported by substantial evidence. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959). Ogborn has failed to supplement the record provided by Noble with the evidence adduced at trial. Without the additional record we cannot address his assignment of error, and we decline to decide this issue. *Heilman v. Wentworth*, 18 Wn. App. 751, 754, 571 P.2d 963 (1977), *review denied*, 90 Wn.2d 1004 (1978).

The judgment is hereby reversed and the trial court is directed to enter judgment in favor of Noble for $30,383.97, together with $85.70 for costs and $2,388.30 for attorney fees awarded at trial. Noble is also awarded attorney fees in the sum of $1,676.60 and costs incurred in this appeal.

SCHOLFIELD, C.J., and SWANSON, J., concur.

Review denied by Supreme Court June 3, 1986.