[No. 13425–0–II.   Division Two.   March 14, 1991.]

FRED B. MUELLER, ET AL, *Respondents,* v. R.G.
JOHNSON, ET AL, *Appellants,* ALL AMERICAN
HOMES, INC., *Respondent.*

*Craig S. Adams* and *Gelman & Associates,* for appellants.

*Ronald L. Coleman* and *Davies Pearson, P.C.,* for respondents Mueller.

*Harrison H. deMers* and *deMers & Associates, Inc., P.S.,* for respondent All American Homes.

WORSWICK, C.J.—If an earnest money agreement allows the seller to recover "actual damages" upon the buyer's default, are those damages limited to the difference between the purchase price set forth in the agreement and the price for which the property later sold? We hold that they are not so limited.

R.G. and Patricia Johnson signed an earnest money agreement to buy Fred and Patricia Mueller's house. The Johnsons defaulted. Five months later, the Muellers sold the house for $3,500 less than the Johnsons agreed to pay.

The Johnson earnest money agreement gave the Muellers a choice between retaining the earnest money as liquidated damages, seeking specific performance, or recovering "actual damages." They sued for actual damages. The Johnsons made the tactical mistake of cross–claiming against the selling agent, All American Homes, Inc., claiming negligence. Predictably, this stimulated All American Homes, which had received a commission on the ultimate

sale, to cross–claim in turn against the Muellers for a commission on the Johnson transaction, and the Muellers, again quite understandably, sought indemnity against the Johnsons for All American's claim.

When the smoke of trial cleared, All American Homes had a judgment against the Muellers for a commission on the Johnson transaction together with attorneys fees, and the Muellers had a judgment over against the Johnsons for the commission, All American's attorneys fees, and the Muellers' own actual damages, consisting of the difference in purchase price plus mortgage interest, utilities costs and property taxes for the interval between transactions. The Muellers also were awarded their own attorneys fees.

The Johnsons do not dispute any of the amounts, nor do they question All American's right to a commission on each transaction.[1] Rather, they contend that the Muellers' recovery upon default under an earnest money agreement is limited to the difference between the agreed price and the amount received on the ultimate sale. They rely particularly on *Reiter v. Bailey*, 180 Wash. 230, 39 P.2d 370, 97 A.L.R. 1489 (1934) and *Mahoney v. Tingley*, 10 Wn. App. 814, 520 P.2d 628 (1974), *reversed on other grounds*, 85 Wn.2d 95, 529 P.2d 1068 (1975). We disagree.

As with any opinion, *Reiter* and *Mahoney* must be read in the context of the facts and issues involved. *Reiter* did not involve an earnest money agreement, but a partially performed real estate contract that contained a liquidated damages clause. The sole issue considered was whether, on

---

[1] All parties concede that the Johnsons met the test of ready, willing and able buyers when their earnest money agreement was signed, thus entitling All American to a commission. *See Langston v. Huffacker*, 36 Wn. App. 779, 789, 678 P.2d 1265 (1984). The listing agreement provided for attorneys fees, supporting the award to All American. The earnest money agreement also provided for fees, supporting this element of the Muellers' recovery.

The Muellers cross–appeal contending, pro forma, that All American was not entitled to two commissions but, if it was, that the Muellers were entitled to indemnity. The cross appeal is not supported by apt authority and will not be considered. RAP 10.3(a)(5); *Bremerton v. Shreeve*, 55 Wn. App. 334, 338, 777 P.2d 568 (1989).

default, the seller's recovery was limited to liquidated damages. *Reiter,* 180 Wash. at 231. The court held that the seller nevertheless had the right to seek specific performance or damages actually suffered. It went on to award the sellers the difference between the unpaid balance of the contract and the market value of the property, which was all they requested.

Dicta in *Mahoney* arguably supports the Johnsons' argument, but the *Mahoney* issue was only whether a liquidated damages clause in the earnest money agreement represented a valid forecast of actual damages. *Mahoney,* 10 Wn. App. at 815. The earnest money agreement in question did not allow for the recovery of actual damages as such. The court held only that a trial was necessary to resolve the issue.

██ The earnest money agreement here was, quite simply, a contract. Because it allowed for the recovery of the seller's actual damages, general principles governing contract damages apply. The injured party is entitled (1) to all damages that accrue naturally from the breach; and (2) to be put in as good a pecuniary position as he would have had if the contract had been performed. *Eastlake Constr. Co. v. Hess,* 102 Wn.2d 30, 39, 686 P.2d 465 (1984). With one exception that requires adjustment, the damages awarded by the court fit this principle.

██ The price difference obviously resulted from the default. Also, the additional expenses for utilities, taxes and interest were incurred because the Johnson sale did not take place and the ultimate sale was delayed. Finally, two commissions had to be paid All American because the first transaction collapsed after the Muellers were obligated to All American.

However, the Superior Court erred in using the first commission as a measure of damages. Inasmuch as that commission became due whether or not the Johnsons defaulted, their default did not cause the Muellers to be liable for the commission. Rather, the Muellers' obligation for the second commission was caused by the Johnsons'

default. Therefore, the judgment must be adjusted by subtracting the first commission and adding the second.

Because of attorneys fees provisions in the listing and earnest money agreements, on this appeal All American is awarded its attorneys fees on appeal against the Muellers, the Muellers will have an indemnity judgment for such fees against the Johnsons, and the Muellers are awarded their attorneys fees on appeal against the Johnsons. Fees will be settled pursuant to RAP 18.1.

Affirmed as modified.

ALEXANDER and MORGAN, JJ., concur.